UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BLUE WATERS DEVELOPMENT
GROUP, LLC,

          Plaintiff,

      v.

WESTCHESTER SURPLUS LINES
INSURANCE COMPANY,
STEVEN CHESTNUT, INC., d/b/a
Abide Agency,

          Defendants.

_____/

Case No. 2:26-cv-1005-KCD-KRH

## **ORDER**

Plaintiff Blue Waters Development Group, LLC sues its former insurer, Westchester Surplus Lines Insurance Company, and insurance agent Steve Chestnut, Inc., d/b/a Abide Agency, following the denial of a property insurance claim for hurricane damage.

The case started in state court, but Westchester removed it here using the Court's diversity jurisdiction. Blue Waters now moves to remand the case, claiming that diversity is lacking because Abide is a Florida citizen. (Doc. 12.)[1] Westchester does not deny that diversity is facially lacking, but it claims that

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

Abide was fraudulently joined, so its citizenship can be ignored. For the reasons explained below, the Court remands the case back to state court.

## I. Background

According to the operative complaint, which must be accepted as true at this stage, Blue Waters needed an insurance policy for its commercial property. Blue Waters hired Abide to act as its adviser and consultant in procuring the insurance needed. Blue Waters had a simple request: secure a policy that covered against all risks of loss, including windstorms. Abide found the appropriate policy, handled the paperwork, and submitted the application to Westchester. And important for present purposes, Abide assured Blue Waters that the policy satisfied all their requests, including windstorm protection.

Then Hurricane Ian happened. Extensive wind and water damage followed. Blue Waters filed a claim, but Westchester refused to pay. Westchester claimed that a policy provision bars coverage since the property utilizes a specific type of building material. That came as a surprise to Blue Waters. It alleges they were never informed of this provision, nor did they approve of it.

So Blue Waters sued in state court. The complaint mostly alleges claims against Abide: breach of contract, breach of the implied covenant of good faith and fair dealing, breach of fiduciary duty, and negligence. But the fifth claim is brought against both Abide and Westchester for declaratory judgment under

Florida's Declaratory Judgment Act. Under that claim, Blue Waters asks the Court to determine the parties' rights and legal status under the policy, including its procurement. Namely, that the damage was a covered loss under the policy and that Abide was acting as Westchester's agent when it procured the policy, rendering Westchester vicariously liable for Abide's acts and omissions. (Doc. 3 at 14.)

Westchester then removed the case here. Acknowledging that Abide and Blue Waters are both Florida citizens—which normally destroys diversity jurisdiction—Westchester moved to sever and remand the claims against Abide. Blue Waters responded with its own motion to remand and request for fees, arguing that removal was defective as Abide is both a properly joined party and not diverse.

## II. Legal Standard

A state-court case may be removed to federal court if it could have been brought there originally. 28 U.S.C. § 1441. "Pertinent here, federal courts have original jurisdiction over . . . civil actions where [there is] diversity." *Clyde v. Progressive Am. Ins. Co.*, No. 2:25-CV-755-KCD-DNF, 2025 WL 2802427, at *1 (M.D. Fla. Oct. 2, 2025). "Diversity jurisdiction is triggered when the parties are citizens of different states, and the amount in controversy exceeds $75,000." *Brittell v. CBRE, Inc.*, No. 2:25-CV-638-JLB-KCD, 2025 WL 2581815, at *1 (M.D. Fla. Aug. 29, 2025).

3

"[I]f a plaintiff has objected to a defendant's removal," as here, "the burden of proof is on the defendant, as the removing party, to prove by a preponderance of the evidence that the action was properly removed." *Forest v. Penn Treaty Am. Corp.*, 270 F. Supp. 2d 1357, 1360 (M.D. Fla. 2003). Since "removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly." *Alexander v. Target Corp.*, No. 8:25-CV-307-CEH-LSG, 2025 WL 1481974, at *2 (M.D. Fla. May 23, 2025). "[A]ll doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999). And "the district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997).

### III. Discussion

As mentioned, Westchester removed the case here using diversity jurisdiction, which "requires complete diversity." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). Westchester agrees that complete diversity is lacking, but maintains that Abide, its non-diverse co-defendant, was fraudulently joined.

Cases removed based on diversity jurisdiction must be remanded to state court if the parties are not completely diverse. *See Stillwell v. Allstate Ins. Co.*,

663 F.3d 1329, 1332 (11th Cir. 2011). "But there's a catch—if the plaintiff fraudulently joins a non-diverse defendant to defeat complete diversity, then that non-diverse defendant is not considered" for jurisdiction purposes. *Illoominate Media, Inc. v. CAIR Fla., Inc.*, 841 F. App'x 132, 134 (11th Cir. 2020). "The doctrine of fraudulent joinder is a narrow exception to the complete diversity rule." *Jones v. Am. Cont. Sys., Inc.*, No. 2:25-CV-980-KCD-NPM, 2026 WL 265750, at \*1 (M.D. Fla. Feb. 2, 2026). "It allows a federal court to ignore the citizenship of a non-diverse defendant, but only if the removing party can show there is no legitimate basis for that defendant's presence in the suit." *Id.*

"The bar for fraudulent joinder is high—extremely high." *Stella v. Am. Cont. Sys., Inc.*, No. 2:25-CV-00992-KCD-NPM, 2026 WL 265717, at \*2 (M.D. Fla. Feb. 2, 2026). It requires the removing defendant to show by clear and convincing evidence "that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." *Stillwell*, 663 F.3d at 1332.

Westchester argues the first scenario applies here. Proving that a plaintiff has *no possibility* of success against a resident defendant is a tall order. The standard is extremely plaintiff-friendly. We look at the facts and law in the light most favorable to the plaintiff. *Stillwell*, 663 F.3d at 1333. And the merits cannot be weighed "beyond determining whether [the claim] is an

5

arguable one under state law." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997).

It is worth emphasizing that this test asks only whether there is a "possibility" that the plaintiff has stated a valid claim against a resident defendant. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). "Where a plaintiff states even a colorable claim, ... the case should be remanded to state court." *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998). In other words, if there is even a chance that a state court could validate just one claim against a single non-diverse defendant, our job is done. *See Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440-41 (11th Cir. 1983). That leaves Westchester with a tough road. And as the Court sees it, Blue Waters' breach of fiduciary claim seals the deal.

"The elements of a breach of fiduciary duty claim are: (1) the existence of a fiduciary duty; (2) the breach of that duty; and (3) damage proximately caused by that breach." *Border Collie Rescue, Inc. v. Ryan*, 418 F. Supp. 2d 1330, 1342 (M.D. Fla. 2006). "Florida law has long recognized that an insurance broker owes a fiduciary duty of care to the insured." *Tiara Condo. Ass'n, Inc. v. Marsh, USA, Inc.*, 991 F. Supp. 2d 1271, 1279-80 (S.D. Fla. 2014).

The complaint alleges that Abide breached its fiduciary duties to Blue Waters by failing to procure an insurance product that provided all-risk coverage. (Doc. 3 at 11-12.) Westchester, however, argues that this claim will

6

ripen, if at all, on a finding that there is no coverage under the Westchester policy. Not so.

Florida courts have found that an alleged failure to inform a party of key coverage exclusions can deprive an insured of making an informed decision, "creating a deficiency in coverage from the outset." *Romero v. Kinsale Ins. Co.,* No. 25-20084-CIV, 2025 WL 837820, at *5 (S.D. Fla. Mar. 18, 2025). The "harm was already consummated at the time of the breach, regardless of Kinsale's later coverage denial." *Id.* Blue Waters did not jump blindly into this insurance contract. Abide served as both agent and a broker by finding, negotiating, and procuring a policy that ostensibly met their request for full coverage. Blue Waters alleges that they did not approve the disputed coverage exclusion, nor were they ever informed of it. Thus, Abide procured the wrong type of coverage. The harm has already been consummated, and so there is a possible breach of fiduciary duty on the facts alleged. *Id.*

At this stage, Blue Waters does not need an airtight case. *See, e.g., Florence v. Crescent Res., LLC*, 484 F.3d 1293, 1299 (11th Cir. 2007). So, for fraudulent joinder purposes, the breach of fiduciary duty claim will do.

That leaves the issue of attorneys' fees. (Doc. 12 at 21-22.) "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "[T]he standard for awarding fees [turns] on the

7

reasonableness of the removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.*

Here, Blue Waters does not accuse Westchester of factual misrepresentations, making frivolous legal arguments, or anything similar. The Court finds that Westchester had an objectively reasonable basis for seeking removal. *See, e.g., Casciani ex rel. Casciani v. La Cruise, Inc.*, No. 96-CV-1249-CIV-J-21A, 1998 WL 34185289, at *5 (M.D. Fla. June 24, 1998) (noting that "the award of attorney's fees under § 1447(c) was not intended to be routine").

## IV. Conclusion

1.  Blue Waters' Motion to Remand (Doc. 12) is **GRANTED IN PART AND DENIED IN PART**. Remand is granted, but attorneys' fees are denied.

2.  The Clerk is **DIRECTED** to remand this case to state court by transmitting a certified copy of this Order to the Clerk for the Twentieth Judicial Circuit in and for Lee County. The state-court case was previously captioned 25CA005241. Following remand, the Clerk is directed to deny all pending motions and close the case.

**ORDERED** in Fort Myers, Florida on July 17, 2026.

Kyle C. Dudek
United States District Judge